## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

RAFFEL SYSTEMS, LLC,        )
                                 )

          Plaintiff,      )

                                 )   C. A. No. 18-

          v.           )

                                 )   **JURY TRIAL DEMANDED**

LCI INDUSTRIES (d/b/a LIPPERT  )
COMPONENTS, INC.),        )
                                 )

         Defendant.     )

## COMPLAINT FOR PATENT INFRINFEMENT

Plaintiff Raffel Systems, LLC ("Raffel" or "Plaintiff"), by its undersigned

counsel, and for its Complaint against Defendant LCI Industries (d/b/a Lippert

Components, Inc.) states and alleges as follows:

## PARTIES

1.      Raffel is incorporated under the laws of the state of Wisconsin with its

principal address being N112 W14600 Mequon Road, Germantown, WI 53022.

2.      Upon information and belief, LCI Industries ("LCI") is a Delaware

corporation with a place of business at 3501 County Road 6 East, Elkhart, Indiana,

46514.

3.      Upon information and belief, Lippert Components, Inc. is an

unincorporated division of LCI, with a place of business at 3501 County Road 6 East,

Elkhart, Indiana, 46514.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the patent laws of the United States of America, 35 U.S.C. §§101, *et seq*.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Defendant.  Upon information and belief, Defendant transacts substantial business in the State of Delaware, directly or through intermediaries, including: (i) at least a portion of the infringement alleged herein, and (ii) regularly does or solicits business in Delaware, engages in other persistent courses of conduct, maintains continuous and systematic contacts within this Judicial District, purposefully avails itself of the privileges of doing business in Delaware, and/or derives substantial revenue from goods and services provided to individuals in Delaware. In addition, LCI is a limited liability corporation organized and existing under the laws of the State of Delaware.

6.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) at least because, upon information and belief, LCI is a limited liability corporation organized and existing under the laws of the State of Delaware, the accused acts of infringement occur in this District, Defendant has regularly conducted business in this Judicial District and has committed, and continues to commit, acts of patent infringement by making, using, importing, selling, and/or offering to sell products that infringe United States Patent No. 9,254,043 ("the '043 Patent"); United States Patent No. 8,714,505 ("the '505 Patent"); United States Patent No. 8,973,882 ("the '882 Patent"); and United States Patent No. 9,089,221 ("the '221 Patent") in this judicial District.

## BACKGROUND FACTS

7.      Raffel is a manufacturing company with a range of products in the seating, bedding, and industrial marketplaces.

8.      Raffel competes in various seating, bedding, and industrial markets, such as, for example, in the market for cup holders and furniture containing same including, but not limited to, Raffel's multifunctional Home Theatre and Integrated Cup Holder products.

9.      The '043 Patent entitled "Lighted Cup Holder for Seating Arrangements," was duly and legally issued by the U.S. Patent and Trademark Office on February 9, 2016.  Raffel is the owner by assignment of all right, title, and interest in and to the '043 Patent.  The '043 Patent is valid and enforceable.  A true and accurate copy of the '043 Patent is attached hereto as Exhibit A.

10.      The '505 Patent entitled "Lighted Cup Holder for Seating Arrangements," was duly and legally issued by the U.S. Patent and Trademark Office on May 6, 2014. Raffel is the owner by assignment of all right, title, and interest in and to the '505 Patent. The '505 Patent is valid and enforceable.  A true and accurate copy of the '505 Patent is attached hereto as Exhibit B.

11.      The '882 Patent entitled "Lighted Cup Holder for Seating Arrangements," was duly and legally issued by the U.S. Patent and Trademark Office on March 10, 2015. Raffel is the owner by assignment of all right, title, and interest in and to the '882 patent. The '882 Patent is valid and enforceable.  A true and accurate copy of the '882 Patent is attached hereto as Exhibit C.

12.     The '221 Patent entitled "Lighted Cup Holder for Seating Arrangements," was duly and legally issued by the U.S. Patent and Trademark Office on July 28, 2015. Raffel is the owner by assignment of all right, title, and interest in and to the '221 patent. The '221 Patent is valid and enforceable.  A true and accurate copy of the '221 Patent is attached hereto as Exhibit D.

13.     Defendant LCI is a producer, importer, and/or supplier of components to the recreational vehicle and residential housing industries, the components including seating furnishings for recreational vehicles and residential homes such as home theater seating and other seating furnishings.

14.     Upon information and belief, LCI has imported, sold, and/or offered to sell, and continues to import, sell, and/or offer to sell, recreational vehicle and residential home furnishing goods containing multifunctional cup holder products sourced from eMoMo Technology Co, Ltd. ("eMOMO") including, but not limited to, cup holder products bearing eMOMO model number HX43 ("eMOMO HX43 Cup Holder Products") in Delaware and throughout the United States.

15.     Upon information and belief, Defendant LCI, d/b/a Lippert Components, Inc., is a producer, importer, and/or supplier that sold, offered for sale, imported, and/or distributed, and continues to sell, offer for sale, import, and/or distribute, vehicle and residential home furnishing goods including, but not limited to, Lippert's Thomas Payne Furniture Collection products including, but are not limited to, Lippert's Momentum Theater Seating Collection products, Lippert's Marquee Collection products, and Lippert's Seismic Series Modular Theater Seating Collection products in Delaware and

throughout the United States, each of which contain one or more eMOMO HX43 Cup
Holder Products.

16.      Upon information and belief, eMOMO was aware of patents issued to
Raffel, including the '043 patent, the '505 patent, the '882 patent, and the '221 patent, at
least as early as April, 2016.

17.      Upon information and belief, eMOMO met with and instructed LCI at
least as early as April, 2016, that Raffel's patents covered the eMOMO HX43 Cup
Holder Products that eMOMO supplied and continues to supply LCI.

18.      Upon information and belief, LCI has imported, sold, and offered to sell,
and continues to import, sell, and offer to sell, seating products containing eMOMO
HX43 Cup Holder Products integral to the seating products since at least 2016 with
knowledge that the HX43 Cup Holder Products are covered by Raffel's patents.

19.      Upon information and belief, LCI, d/b/a Lippert Components, has
infringed (literally and/or under the doctrine of equivalents) and continues to infringe the
'043 Patent by importing, selling, and/or offering to sell Thomas Payne Furniture
Collection products including, but not limited to, Momentum Theater Seating Collection
products, Marquee Collection products, and Seismic Series Modular Theater Seating
Collection products, each of which contain one or more eMOMO HX43 Cup Holder
Products covered by at least claims 1, 2, 3, 4, 5, and 6 of the '043 Patent within the
United States, and/or by contributing to or inducing such infringement.

20.      Claim 1 of the '043 Patent recites:

"1. A seating arrangement comprising
a cup holder apparatus, the cup holder apparatus comprising

a) a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein, wherein the cup holder body includes a substantially tubular sidewall, closed or substantially closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and

b) a flange extending substantially radially outward from the top end of the cup holder body, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus."

21.     LCI's Thomas Payne Furniture Collection products including Momentum Theater Seating Collection products, Marquee Collection products, and Seismic Series Modular Theater Seating Collection products are each seating arrangements that include one or more eMOMO HX43 Cup Holder Products comprising a cup holder body attached to the seating arrangement with the cup holder body including a substantially tubular sidewall, closed or substantially closed at a lower end by a bottom wall and open at a top end such that the tubular sidewall and bottom wall define the cup receptacle; and a flange extending substantially radially outward from the top end of the cup holder body.

22.     Each of the one or more eMOMO HX43 Cup Holder Products integral to LCI's Thomas Payne Furniture Collection seating arrangement products including Momentum Theater Seating Collection products, Marquee Collection products, and Seismic Series Modular Theater Seating Collection products has a flange that includes a control switch that is operatively linked to and controls a component of LCI's seating arrangement other than the cup holder apparatus such as a power recline component of the seating arrangement, a massage mechanism of the seating arrangement, or a light producing light source present in a translucent strip at the base of the seating arrangement.

23. A control switch present in the flange of an eMOMO HX43 Cup Holder attached to a seating arrangement product of LCI's Thomas Payne Furniture Collection (including Momentum Theater Seating Collection products, Marquee Collection products, and Seismic Series Modular Theater Seating Collection products) is an integral, functional component of the entire seating arrangement product in that the control switch is operatively linked to and controls a component of the seating arrangement such as a power recline component of the seating arrangement, a massage component of the seating arrangement, or a light producing light source of the seating arrangement.

24. The Claim Chart attached as Exhibit E describes how Seismic Series Modular Theater Seating Collection products of LCI's Thomas Payne Furniture Collection infringe each of Claims 1, 2, 3, 4, 5, and 6 of the '043 patent.

25. LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '043 Patent by importing, selling, and/or offering to sell Momentum Theater Seating Collection products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 3, 4, 5, and 6 of the '043 Patent within the United States, and/or by contributing to or inducing such infringement.

26. LCI's Momentum Theater Seating Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products comprising a cup holder body attached to the seating arrangement with the cup holder body including a substantially tubular sidewall, closed or substantially closed at a lower end by a bottom wall and open at a top end such that the tubular sidewall and bottom wall define the cup receptacle; and a flange extending substantially radially outward from the

top end of the cup holder body, the flange including a control switch that is operatively linked to and controls a component of the Momentum Theater Seating Collection products other than the cup holder apparatus such as a massage mechanism of the seating arrangement, or a light producing light source present in a translucent strip at the base of the seating arrangement.

27.     LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '043 Patent by importing, selling, and/or offering to sell Marquee Collection furniture products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 3, 4, 5, and 6 of the '043 Patent within the United States, and/or by contributing to or inducing such infringement.

28.     LCI's Marquee Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products comprising a cup holder body attached to the seating arrangement with the cup holder body including a substantially tubular sidewall, closed or substantially closed at a lower end by a bottom wall and open at a top end such that the tubular sidewall and bottom wall define the cup receptacle; and a flange extending substantially radially outward from the top end of the cup holder body, the flange including a control switch that is operatively linked to and controls a component of the Marquee Collection products other than the cup holder apparatus such as a massage mechanism of the seating arrangement, or a light producing light source present in a translucent strip at the base of the seating arrangement.

29.     LCI has contributed to and/or induced direct infringement, and continues to contribute to and induce direct infringement, of Claims 1, 2, 3, 4, 5, and 6 of the '043

Patent by deliberately and willfully importing, selling, and/or offering to sell LCI's

Thomas Payne Furniture Collection products including Momentum Theater Seating

Collection products, Marquee Collection products, and Seismic Series Modular Theater

Seating Collection products containing one or more eMOMO HX43 Cup Holder Products

to recreational vehicle manufacturers including, but not limited to, Grand Design RV

(Middlebury, IN), Forest River Inc. (Elkhart, IN), and Keystone RV Company (Goshen,

IN), with knowledge and understanding that the manufacturers utilize and incorporate the

furniture products containing one or more eMOMO HX43 Cup Holder Products integral

to the overall operation of the furniture products into recreational vehicles sold by the

manufacturers.  From its conversations with eMOMO, LCI knew the eMOMO HX43

Cup Holder Products infringed the '043 patent and were not a staple article or commodity

of commerce suitable for substantial non-infringing use.

30.     Upon information and belief, LCI, d/b/a Lippert Components, has

infringed (literally and/or under the doctrine of equivalents) and continues to infringe the

'505 Patent by importing, selling, and/or offering to sell Thomas Payne Furniture

Collection products including, but not limited to, Momentum Theater Seating Collection

products, Marquee Collection products, and Seismic Series Modular Theater Seating

Collection products, each of which contain one or more eMOMO HX43 Cup Holder

Products covered by at least claims 1, 2, 3, and 4 of the '505 Patent within the United

States, and/or by contributing to or inducing such infringement.

31.     Claim 1 of the '505 Patent recites:

"1. A cup holder apparatus for a seating arrangement,
the apparatus comprising:

a) a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein, wherein the cup holder body includes a substantially tubular sidewall, substantially closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and

b) a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch, wherein the control switch is operatively linked to and controls:

i) a powered reclining mechanism of the seating arrangement, or

ii) a massaging mechanism of the seating arrangement."

32.     LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '505 Patent by importing, selling, and/or offering to sell Seismic Series Modular Theater Seating Collection products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, 3, and 4 of the '505 Patent within the United States, and/or by contributing to or inducing such infringement.

33.     LCI's Seismic Series Modular Theater Seating Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products for a seating arrangement comprising a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein, wherein the cup holder body includes a substantially tubular sidewall, substantially closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch, wherein the control switch is operatively linked to

and controls a powered reclining mechanism of the seating arrangement, or a massaging mechanism of the seating arrangement.

34.     LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '505 Patent by importing, selling, and/or offering to sell Momentum Theater Seating Collection products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, and 4 of the '505 Patent within the United States, and/or by contributing to or inducing such infringement.

35.     LCI's Momentum Theater Seating Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products for a seating arrangement comprising a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein, wherein the cup holder body includes a substantially tubular sidewall, substantially closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch, wherein the control switch is operatively linked to and controls a massaging mechanism of the seating arrangement.

36.     LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '505 Patent by importing, selling, and/or offering to sell Marquee Collection furniture products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products

covered by at least claims 1, 2, and 4 of the '505 Patent within the United States, and/or by contributing to or inducing such infringement.

37.     LCI's Marquee Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products comprising a cup holder body attached to the seating arrangement with the cup holder body including a substantially tubular sidewall, closed or substantially closed at a lower end by a bottom wall and open at a top end such that the tubular sidewall and bottom wall define the cup receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch, wherein the control switch is operatively linked to and controls a massaging mechanism of the seating arrangement.

38.     LCI has contributed to and/or induced direct infringement, and continues to contribute to and induce direct infringement, of Claims 1, 2, 3, and 4 of the '505 Patent by deliberately and willfully importing, selling, and/or offering to sell LCI's Thomas Payne Furniture Collection products including Momentum Theater Seating Collection products, Marquee Collection products, and Seismic Series Modular Theater Seating Collection products containing one or more eMOMO HX43 Cup Holder Products to recreational vehicle manufacturers including, but not limited to, Grand Design RV (Middlebury, IN), Forest River Inc. (Elkhart, IN), and Keystone RV Company (Goshen, IN), with knowledge and understanding that the manufacturers utilize and incorporate the furniture products containing one or more eMOMO HX43 Cup Holder Products integral to the overall operation of the furniture products into recreational vehicles sold by the manufacturers.  From its conversations with eMOMO, LCI knew the eMOMO HX43

Cup Holder Products infringed the '505 patent and were not a staple article or commodity of commerce suitable for substantial non-infringing use.

39.     Upon information and belief, LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '882 Patent by importing, selling, and/or offering to sell Thomas Payne Furniture Collection products including, but not limited to, Momentum Theater Seating Collection products, Marquee Collection products, and Seismic Series Modular Theater Seating Collection products, each of which contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, 3, 4, 7, 8, 9, 12, 14, and 16 of the '882 Patent within the United States, and/or by contributing to or inducing such infringement.

40.     Claim 1 of the '882 Patent recites:

"1. A cup holder apparatus for a seating arrangement,
the apparatus comprising:

a) a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein wherein the cup holder body includes a substantially tubular sidewall, substantially closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and

b) a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus."

41.     LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '882 Patent by importing, selling, and/or offering to sell Seismic Series Modular Theater Seating Collection products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup

Holder Products covered by at least claims 1, 2, 3, 4, 7, 8, 9, 12, 14, and 16 of the '882 Patent within the United States, and/or by contributing to or inducing such infringement.

42.     LCI's Seismic Series Modular Theater Seating Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products for a seating arrangement comprising a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein wherein the cup holder body includes a substantially tubular sidewall, substantially closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus.

43.     LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '882 Patent by importing, selling, and/or offering to sell Momentum Theater Seating Collection products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, 4, 7, 9, 12, 14, and 16 of the '882 Patent within the United States, and/or by contributing to or inducing such infringement.

44.     LCI's Momentum Theater Seating Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products for a seating arrangement comprising a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein wherein the cup holder body includes a substantially tubular sidewall, substantially closed at a lower end thereof by a bottom

wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus.

45.    LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '882 Patent by importing, selling, and/or offering to sell Marquee Collection furniture products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, 4, 7, 9, 12, 14, and 16 of the '882 Patent within the United States, and/or by contributing to or inducing such infringement.

46.    LCI's Marquee Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products comprising a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein wherein the cup holder body includes a substantially tubular sidewall, substantially closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus.

47.    LCI has contributed to and/or induced direct infringement, and continues to contribute to and induce direct infringement, of Claims 1, 2, 3, 4, 7, 8, 9, 12, 14, and

16 of the '882 Patent by deliberately and willfully importing, selling, and/or offering to sell LCI's Thomas Payne Furniture Collection products including Momentum Theater Seating Collection products, Marquee Collection products, and Seismic Series Modular Theater Seating Collection products containing one or more eMOMO HX43 Cup Holder Products to recreational vehicle manufacturers including, but not limited to, Grand Design RV (Middlebury, IN), Forest River Inc. (Elkhart, IN), and Keystone RV Company (Goshen, IN), with knowledge and understanding that the manufacturers utilize and incorporate the furniture products containing one or more eMOMO HX43 Cup Holder Products integral to the overall operation of the furniture products into recreational vehicles sold by the manufacturers.  From its conversations with eMOMO, LCI knew the eMOMO HX43 Cup Holder Products infringed the '882 patent and were not a staple article or commodity of commerce suitable for substantial non-infringing use.

48.    Upon information and belief, LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '221 Patent by importing, selling, and/or offering to sell Thomas Payne Furniture Collection products including, but not limited to, Momentum Theater Seating Collection products, Marquee Collection products, and Seismic Series Modular Theater Seating Collection products, each of which contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, 3, and 4 of the '221 Patent within the United States, and/or by contributing to or inducing such infringement.

49.    Claim 1 of the '221 Patent recites:

"1. A cup holder apparatus for a seating arrangement,
the apparatus comprising:

a) a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein wherein the cup holder body includes a substantially tubular sidewall, closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and

b) a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus."

50.    LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '221 Patent by importing, selling, and/or offering to sell Seismic Series Modular Theater Seating Collection products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, 3, and 4 of the '221 Patent within the United States, and/or by contributing to or inducing such infringement.

51.    LCI's Seismic Series Modular Theater Seating Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products for a seating arrangement comprising a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein wherein the cup holder body includes a substantially tubular sidewall, closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus.

52.     LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '221 Patent by importing, selling, and/or offering to sell Momentum Theater Seating Collection products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, 3, and 4 of the '221 Patent within the United States, and/or by contributing to or inducing such infringement.

53.     LCI's Momentum Theater Seating Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder Products for a seating arrangement comprising a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein wherein the cup holder body includes a substantially tubular sidewall, closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus.

54.     LCI, d/b/a Lippert Components, has infringed (literally and/or under the doctrine of equivalents) and continues to infringe the '221 Patent by importing, selling, and/or offering to sell Marquee Collection furniture products of LCI's Thomas Payne Furniture Collection that contain one or more eMOMO HX43 Cup Holder Products covered by at least claims 1, 2, 3, and 4 of the '221 Patent within the United States, and/or by contributing to or inducing such infringement.

55.     LCI's Marquee Collection products of LCI's Thomas Payne Furniture Collection include one or more eMOMO HX43 Cup Holder for a seating arrangement comprising a cup holder body adapted for attachment to the seating arrangement and having a cup receptacle therein wherein the cup holder body includes a substantially tubular sidewall, closed at a lower end thereof by a bottom wall, and open at a top end thereof, such that the tubular sidewall and bottom wall define the cup holding receptacle; and a flange extending substantially radially outward from the tubular side wall at the open top end of the cup holder, wherein the flange comprises a control switch that is operatively linked to and controls a component of the seating arrangement other than the cup holder apparatus.

56.     LCI has contributed to and/or induced direct infringement, and continues to contribute to and induce direct infringement, of Claims 1, 2, 3, and 4 of the '221 Patent by deliberately and willfully importing, selling, and/or offering to sell LCI's Thomas Payne Furniture Collection products including Momentum Theater Seating Collection products, Marquee Collection products, and Seismic Series Modular Theater Seating Collection products containing one or more eMOMO HX43 Cup Holder Products to recreational vehicle manufacturers including, but not limited to, Grand Design RV (Middlebury, IN), Forest River Inc. (Elkhart, IN), and Keystone RV Company (Goshen, IN), with knowledge and understanding that the manufacturers utilize and incorporate the furniture products containing one or more eMOMO HX43 Cup Holder Products integral to the overall operation of the furniture products into recreational vehicles sold by the manufacturers.  From its conversations with eMOMO, LCI knew the eMOMO HX43

Cup Holder Products infringed the '221 patent and were not a staple article or commodity of commerce suitable for substantial non-infringing use.

57.     Upon information and belief, LCI has infringed and continues to infringe one or more claims of the '043 Patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

58.     Upon information and belief, LCI has infringed and continues to infringe one or more claims of the '505 Patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

59.     Upon information and belief, LCI has infringed and continues to infringe one or more claims of the '882 Patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

60.     Upon information and belief, LCI has infringed and continues to infringe one or more claims of the '221 Patent with knowledge and/or reckless disregard amounting to knowledge of such infringement.

61.     Upon information and belief, LCI acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing one or more claims of the '043 Patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

62.     Upon information and belief, LCI acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing one or more claims of the '505

Patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

63.     Upon information and belief, LCI acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing one or more claims of the '882 Patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

64.     Upon information and belief, LCI acting alone and acting in concert with and through agents and/or intermediaries, have used or sold infringing products within this judicial district and have placed products infringing one or more claims of the '221 Patent in the stream of commerce with knowledge that the likely destination of the infringing products is within this judicial district and throughout the United States.

## FIRST CLAIM FOR RELIEF
### (Infringement of the '043 Patent)

65.     Raffel restates and realleges Paragraphs 1 through 64 above as though set forth fully herein.

66.     Defendant has been, and is currently, directly and/or indirectly infringing the '043 patent by making, using, selling, offering for sale, importing, contributing to the use of by others, and/or inducing others to use products infringing on the '043 patent within the United States.

67.     Defendant's infringement of the '043 Patent has been and continues to be willful and deliberate.

68.     Defendant's infringement will continue unless enjoined by this Court.

69.     As a direct and proximate consequence of Defendant's infringement of the '043 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

70.     As a direct and proximate consequence of Defendant's infringement of the '043 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## SECOND CLAIM FOR RELIEF
### (Infringement of the '505 Patent)

71.     Raffel restates and realleges Paragraphs 1 through 70 above as though set forth fully herein.

72.     Defendant has been, and is currently, directly and/or indirectly infringing the '505 patent by making, using, selling, offering for sale, importing, contributing to the use of by others, and/or inducing others to use products infringing on the '505 patent within the United States.

73.     Defendant's infringement of the '505 Patent has been and continues to be willful and deliberate.

74.     Defendant's infringement will continue unless enjoined by this Court.

75.     As a direct and proximate consequence of Defendant's infringement of the '505 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

76.     As a direct and proximate consequence of Defendant's infringement of the '505 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

### THIRD CLAIM FOR RELIEF
### (Infringement of the '882 Patent)

77.     Raffel restates and realleges Paragraphs 1 through 76 above as though set forth fully herein.

78.     Defendant has been, and is currently, directly and/or indirectly infringing the '882 patent by making, using, selling, offering for sale, importing, contributing to the use of by others, and/or inducing others to use products infringing on the '882 patent within the United States.

79.     Defendant's infringement of the '882 Patent has been and continues to be willful and deliberate.

80.     Defendant's infringement will continue unless enjoined by this Court.

81.     As a direct and proximate consequence of Defendant's infringement of the '882 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury, for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

82.     As a direct and proximate consequence of Defendant's infringement of the '882 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## FOURTH CLAIM FOR RELIEF
## (Infringement of the '221 Patent)

83.     Raffel restates and realleges Paragraphs 1 through 82 above as though set forth fully herein.

84.     Defendant has been, and is currently, directly and/or indirectly infringing the '221 patent by making, using, selling, offering for sale, importing, contributing to the use of by others, and/or inducing others to use products infringing on the '221 patent within the United States.

85.     Defendant's infringement of the '221 Patent has been and continues to be willful and deliberate.

86.     Defendant's infringement will continue unless enjoined by this Court.

87.     As a direct and proximate consequence of Defendant's infringement of the '221 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer injury, for which Raffel is entitled to damages pursuant to 35 U.S.C. § 284 of an amount to be proved at trial.

88.     As a direct and proximate consequence of Defendant's infringement of the '221 Patent, Raffel has suffered, is suffering, and unless enjoined by the Court, will continue to suffer irreparable harm for which there is no adequate remedy at law, and for which Raffel is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

## PRAYER FOR RELIEF

WHEREFORE, Raffel seeks the following relief from this Court:

A.      A judgment that LCI has directly infringed and is directly infringing the '043 Patent;

B.      A judgment that LCI's infringement of the '043 Patent has been willful;

C.      A judgment that LCI has indirectly infringed and is indirectly infringing the '043 patent;

D.      An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining LCI, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '043 Patent for the full term thereof;

E.      A judgment that LCI has directly infringed and is directly infringing the '505 Patent;

F.      A judgment that LCI's infringement of the '505 Patent has been willful;

G.      A judgment that LCI has indirectly infringed and is indirectly infringing the '505 patent;

H.      An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining LCI, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '505 Patent for the full term thereof;

I.      A judgment that LCI has directly infringed and is directly infringing the '882 Patent;

J.      A judgment that LCI's infringement of the '882 Patent has been willful;

K.      A judgment that LCI has indirectly infringed and is indirectly infringing the '882 patent;

L.      An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining LCI, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '882 Patent for the full term thereof;

M.      A judgment that LCI has directly infringed and is directly infringing the '221 Patent;

N.  A judgment that LCI's infringement of the '221 Patent has been willful;

O.  A judgment that LCI has indirectly infringed and is indirectly infringing the '221 patent;

P.  An injunction issued pursuant to 35 U.S.C. § 283, restraining and enjoining LCI, their officers, agents, attorneys and employees, and those acting in privity or concert with them, from infringement of the '221 Patent for the full term thereof;

Q.  A judgement and order requiring LCI to pay Raffel all damages caused by LCI's infringement of the '043 Patent, the '505 Patent, the '882 Patent, and the '221 Patent (but in no event less than a reasonable royalty) pursuant to 35 U.S.C. § 284;

R.  A judgement and order requiring LCI to pay Raffel supplemental damages or profits for any continuing post-verdict infringement up until entry of the final judgment, with an accounting, as needed;

S.  A judgement and order requiring LCI to pay Raffel increased damages up to three times the amount found or assessed pursuant to 35 U.S.C. § 284;

T.  A judgement and order requiring LCI to pay Raffel pre-judgement and post-judgement interest on any damages or profits awarded;

U.  A determination that this is an exceptional case pursuant to 35 U.S.C. § 285;

V.  An award of Raffel's attorneys' fees for bringing and prosecuting this action;

W.  An award of Raffel's costs and expenses incurred in bringing and prosecuting this action; and

X.  Such further and additional relief as this Court deems just and proper.

## JURY DEMAND

Raffel, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any and all issues so triable.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:
Tyler Sisk
Casimir Jones, S.C.                     By:  */s/ Jonathan A. Choa*
2275 Deming Way Ste. 310                      Jonathan A. Choa (#5319)
Middleton, WI 53562                           Alan R. Silverstein (#5066)
(608) 662-1277                                Hercules Plaza
                                              P.O. Box 951
                                              Wilmington, DE  19899
Dated:  January 19, 2018                      (302) 984-6000
5606618                                       jchoa@potteranderson.com
                                              asilverstein@potteranderson.com

                                        *Attorneys for Plaintiff*
                                        *Raffel Systems, LLC*